**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4097**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

OLLIE OCTAVIOUS PETTIFORD,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.   William L. Osteen,
Jr., District Judge.  (1:09-cr-00378-WO-1)

Submitted:  September 29, 2011        Decided:  October 4, 2011

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacy D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North
Carolina, for Appellant.   Anand P. Ramaswamy, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ollie Octavious Pettiford pled guilty to possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2006), and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2006). The district court sentenced him to 180 months imprisonment. Pettiford's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether Pettiford was properly sentenced as an armed career criminal. Pettiford filed a supplemental pro se brief, also contesting his classification as an armed career criminal. Finding no reversible error, we affirm Pettiford's conviction and sentence.

A person who violates 18 U.S.C. § 922(g)(1) and has three prior convictions for a violent felony offense qualifies as an armed career criminal and is subject to a mandatory minimum sentence of fifteen years. See 18 U.S.C. § 924(e)(1). Our review of the record shows that Pettiford had three prior qualifying convictions. The district court therefore correctly determined that Pettiford qualified as an armed career criminal and his advisory Guidelines range was properly calculated at 180 to 210 months.

2

The district court considered the sentencing factors in light of Pettiford's characteristics and history and determined that the 180-month mandatory minimum sentence was sufficient to serve the goals of sentencing. We conclude that this sentence was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); see United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010).

We have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly we affirm the district court's judgment. This court requires that counsel inform Pettiford, in writing, of the right to petition the Supreme Court of the United States for further review. If Pettiford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pettiford. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED